LAND, J.
 

 Relator was convicted of slander, and was sentenced by the trial judge to pay a fine of $25, and, in default of payment, to serve three months in jail. We are asked to review, under our supervisory jurisdiction, the various complaints of relator urged unsuccessfully by her in the court below.
 

 1. Bill of Exception No. 1.
 

 The information in this 'ease is drawn under Act 118 of 1888, and charges that relator—
 

 “did unlawfully, willfully, maliciously, and wantonly slander the good name and reputation of Mrs. Dudley Prejean, she, the said Mrs. Dudley Prejean, at the time being a person of good repute, by saying: ‘You must leave the ball.’ She answered: ‘Why?’ ‘Because you are not an honest woman; you have left your husband for another man,’ and was, therefore, ordered to leave the ballroom by the said Mrs. Placide Roy, all to the detriment and injury to the character, good name, and reputation of the said Mrs. Dudley Prejean.”
 

 Respondent judge overruled a motion to quash, in which it is alleged that said information does not charge relator with any offense known or defined by the laws of this state, as Act 118 of 1888 fails to define to crime of slander. The title of said act is:
 

 “An act making the slandering or defamation of persons of good repute, without probable cause, a misdemeanor; providing penalties for violations of this act, and defining in what eases infractions of this act shall be justifiable.”
 

 Section 1 of Act 118 of 1888 declares:
 

 “That whoever shall, without probable cause, defame or slander any person of good repute, or shall impute to such person the commission of any criminal or wrongful act or deed, or shall do any act, or give currency to any report or statement, or use any words intended to bring a person of good repute into public contempt, or to subject such person to ridicule, injury or damage * * * shall be deemed guilty of a misdemeanor.”
 

 The word “slander” or “defamation” has a well-defined legal meaning. It is defined
 
 *355
 
 by lexicographers as follows: “Words falsely spoken, which are injurious
 
 to the
 
 reputation of another.” 3 Bouvier’s Law Dictionary, 3079. “The maliciously defaming of a person in his reputation, profession or livelihood by words.” Wharton’s Law Dictionary, 699. “Aspersion by word of mouth; oral defamation; words uttered falsely and maliciously by which the reputation of another is injured.” Abbott’s 'Law Dictionary, 482.
 

 It is, therefore, unnecessary to define the meaning of the words “defame or slander” in the first clause of section 1 of said act: “That whoever shall, without probable cause, defame or slander any person of good repute.”
 

 “Slander” is otherwise specifically defined in the statute by detailing the various acts constituting the offense.
 

 The second ground of the motion to quash is that the information is defective in that it fails to charge that the alleged words were uttered in the presence of another. This ground will be considered in connection with the objection, also urged in the motion to quash, that the information does not charge that the alleged slanderous words were used “with the intention to bring the prosecuting witness into public contempt, or to subject her to ridicule, injury, or damage.” The various acts constituting slander are defined disjunctively in the statute, and among them is the following: “Or shall impute to such person the commission of any criminal or wrongful act or deed.”
 

 A wrongful act is set out in the information in this case, and the charge in said information, that the defendant “did unlawfully, willfully, and maliciously and wantonly slander” Mrs. Dudley Prejean, is clearly an allegation that the defendant imputed to her, “without probable cause,” the wrongful act of leaving her husband for another man, as charged in said information.
 

 The statute does not require in express terms that the act constituting the slander or defamation shall be committed publicly; however, the language of the information sufficiently charges the publicity of the slander in the allegation that the accusation was made at a ball and was to the detriment and injury of the prosecuting witness.
 

 Act 118 of 1888 does not declare that any of the acts defined therein are required to be committed with any specific intent. The clause, “or use any words intended to bring a person of good repute into public contempt, or to subject such person to ridicule, injury, or damage,” is merely descriptive of the words used, “intended” in said act, merely meaning “calculated” to have such effect.
 

 It is alleged in the information that the wrongful act imputed by defendant to the prosecuting witness was to the detriment and injury of her good name and reputation. In our opinion, the information, though inartistieally drawn, is sufficient, as it is couched in language equivalent in import to that of the statute.
 

 2. Motion in Arrest of Judgment.
 

 It is alleged in this motion that Act 118 of 1818 is unconstitutional, null, and void, for the reason that the body of the act is broader than its title, in that said act undertakes to define in its body the offense of slander, without including in its title the said object of defining said offense. We have already recited the title of the act in this opinion. An act “making” the slandering or defamation of persons of good repute, without probable cause, a “misdemeanor” is not necessarily an act whose purpose is merely to “declare” the slandering of persons of good repute, without probable cause, a misdemeanor. The word “making” in the title of the act in this particular case is not used, in our opinion, as a mere synonym for the word “declaring,” but in the sense of “creating,” which necessarily includes the defining
 
 *357
 
 of the offense denounced in the statute. The hody of the act is not broader than its title, as it merely defines the various acts that constitute slander, while the “slander or defamation, without probable cause, of any person of good repute,” denounced as a substantive offense in the first clause of said act, needs no specific definition, as ‘-‘slander or defamation” are -words of well-defined legal meaning.
 

 We therefore are of the opinion that Act 118 of 1888 is constitutional and valid legislation, as said act embraces but one object, which is expressed in its title. Const. 189S, art. 31.
 

 It is therefore ordered that the temporary stay order granted in this case be set aside, that the rule nisi herein issued be recalled, and that the relief prayed for be denied at relator’s cost.